This is a suit against the Travelers Insurance Company, the insurance carrier of the Istrouma Foundry Machine Works, plaintiff's employer. The plaintiff was injured on August 29, 1942, while engaged in operating a drill press. He alleges that his right hand was suddenly jerked through a running pulley, fracturing his right wrist *Page 559 
in the styloid process of the ulna and lacerating and bruising his hand in numerous places, all of such nature and extent that he is unable "to resume the work in which he was formerly engaged, or to undertake any other reasonable work or employment". In his petition, he claims 65% of $20.86 (being $13.52), his alleged weekly wage, for a period not exceeding 400 weeks, and the additional sum of not to exceed $250 for hospital and medical expenses.
Defendant answered the suit, admitting plaintiff's employment and injury, but denying liability for compensation.
After trial of the case, the district court rendered judgment in favor of plaintiff and against the defendant, ordering the defendant to pay the plaintiff compensation "in a lump sum for a period of thirty-two (32) weeks at the rate of Ten and 42/100 ($10.42) Dollars per week or in the total sum of Three Hundred Thirty-two and 80/100 ($332.80) Dollars, with legal interest thereon from judicial demand until paid", and in addition certain medical expenses and costs. Plaintiff has appealed; defendant has answered the appeal asking that the judgment be reduced to 18 weeks' compensation at $10.40 per week, plus medical expenses as allowed by the court.
Although plaintiff alleged that his weekly wage was the sum of $20.86, it was proven and not contradicted that his weekly wage was $16 per week, 65% of which amounts to $10.40, and it is now conceded that the compensation should be computed at $10.40. Also it is now admitted by the defendant that some compensation is due, and the only question at issue is the extent of plaintiff's disability and the period for which compensation should be paid.
On the evening of August 29, 1942, while operating a drill press in a foundry owned and operated by J.A. Durand, Sr., under the trade-name of Istrouma Foundry and Machine Works, plaintiff's right hand was accidentally caught between a belt and pulley of the drill press, and as a result he suffered multiple small abrasions and lacerations on the dorsum of the hand and an oblique fracture of the styloid process of the right ulna.
The plaintiff was first examined and treated by Dr. J.A. Durand, his employer's son, who testifies that on October 5, 1942, which is the last date he recollects having seen the plaintiff, an X-ray made by him showed that there was a slight oblique fracture of the styloid process, with the fragments in good position, and with callus formation indicating healing.
The plaintiff was subsequently examined by Dr. Godfrey, Dr. Spedale and Dr. Caldwell, and several X-rays were made by Drs. Williams and Mattingly. The preponderance of the testimony of these experts is to the effect that there was a disabling injury up to May 14, 1943, the date of the examination made by Dr. Caldwell. There is some inconsistency in the expert testimony as to when the fractured ulna became completely united and healed, and also as to whether or not there was any involvement of the ulna nerve, causing traumatic neuritis. It is our conclusion, however, that as found by Dr. Caldwell, the fracture was healed completely at the time of his examination on May 14, 1943, and that if plaintiff was suffering from a neuritis at that time it was not of a permanent or disabling nature and will gradually disappear entirely, since there is no showing of atrophy or wasting of the muscles supplied by the nerve, and there is no evidence of the nerve having been torn or damaged. As set forth by Dr. Caldwell, while plaintiff may be suffering from a mild neuritis, "it has not produced severe enough pain to prohibit movement of the fingers or even reasonably firm gripping with them".
It is shown that plaintiff is a man of 58 years of age and that he had been unemployed for some two years before the accident, except for his activity in assisting his wife in operating a boarding house, admittedly very light work. It appears that his former occupation was in the business of buying and selling timber and matters incidental thereto, and that in this connection he was not called upon to do hard manual labor. In so far as the employment in which plaintiff sustained his injury is concerned, it is shown that he was not a trained forger or foundry workman, and was not an experienced drill press operator, and was merely given this employment as a matter of emergency and that he sustained his injury on the fifth day of said employment. It is further shown that the operation of a drill press does not require any particular physical strength, in that, according to the testimony, it can be done by a twelve year old boy.
From these considerations, it is our conclusion that on May 14, 1943, the plaintiff was able to return to his former occupation *Page 560 
and to do work of a reasonable character and was therefore no longer suffering from a compensable injury.
Apparently the trial judge reached the same conclusion, but it seems that he erred in granting plaintiff compensation in a lump sum of 32 weeks at the rate of $10.42 per week, or in the total sum of $332.80, with legal interest thereon from judicial demand until paid, and we will therefore recast that portion of the judgment so as to read as follows: "It is ordered that there be judgment in favor of the plaintiff, Allen L. Bergeron, and against the defendant Travelers Insurance Company awarding the plaintiff compensation at the rate of $10.40 per week for the period from August 29, 1942, to May 14, 1943, with legal interest on each week's compensation from its due date until paid", and as thus amended and recast, the judgment is affirmed, all at the cost of defendant. *Page 616